Loday Jackson # 38880-044
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467

RECEIVED
FEB 01 2021
BY MAIL

January 19, 2021

Clerk, U.S. District Court
Eastern District Of Missouri
111 South 10th Street, Ste 3.300
St. Louis, MO 63102

Re: Filing Of motion ; USA v. JACKSON, 11-CR-351AGF-2

Dear Clerk:

Enclosed herein, please find my original, hand-written motion for a sentence reduction. Due to lockdown restrictions currently in place at USP Pollock, I am unable to obtain copies of my motion. Upon your receipt and filing of my motion, would you please be so kind to provide me with a file-stamped copy or a current docket for my records?

Thank you in advance, as your time and assistance in this matter is greatly appreciated.

P.S. I have attached a personal letter in support of my motion from me to the Judge. Please see that it is properly filed under seal if necessary pursuant to Court rules.

Sincerely yours,
s/
Lodgy Jackson

RECEIVED

FEB 0 1 2021

BY MAIL

In The United States District Court
For The Eastern District Of Missouri
(St. Louis)

United States Of America,

    Plaintiff,

V.

Loday Jackson,

    Defendant.

Case No. 11-CR-351-AGF

---

## Defendant Lodgy Jackson's Motion For A Sentence Reduction And / Or Compassionate Release

Comes now, Lodgy Jackson, the undersigned defendant, appearing in a pro se capacity[1], respectfully moves the Court for a sentence reduction and / or compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).

### Introduction

The Court has the authority to reduce Jackson's term of imprisonment in this case, under 18 U.S.C. § 3582(c)(1)(A), which states in relevant part: "the Court ... may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that...

---

[1] In light of his pro se status, Jackson respectfully asks the Court to construe this motion liberally in accordance with the doctrine articulated by the Supreme Court in Haines v. Kerner, 404 U.S. 519 (1972).

1

extraordinary and compelling reasons warrant such a reduction[.]"

The "First Step Act," Pub. L. 115-391, 132 Stat. 5194 was simultaneously monumental and incremental. Monumental in that its changes to the sentencing calculations, mandatory minimums, good behavior credits and other parts of federal law led to the release of thousands of imprisoned people whom Congress and the Executive believed did not need to be incarcerated. Incremental, in that, rather than mandating more lenient outcomes, it often favored giving discretion to an appropriate decisionmaker to consider leniency.

Reflecting that dichotomy, the First Step Act empowers district courts evaluating motions for a sentence reduction to consider any extraordinary and compelling reason that a defendant may raise. In implementing the First Step Act, Congress removed language that previously mandated the B.O.P. as the sole arbiter of compassionate release and sentence reduction motions. Now, pursuant to the First Step Act, a defendant may present his motion for a reduction in sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier...." 18 U.S.C. § 3582(c)(1)(A).

Subsequent to the passage of the "First Step Act," over 1,000 motions for compassionate release or sentence reduction have been granted. Federal Bureau of Prisons, First Step Act, https://www.bop.gov/inmates/fsa/ What Congress seems to have wanted, in fact is happening.

In this context, Jackson presents the instant motion for the Court's consideration. Jackson has taken the proper steps seeking the B.O.P.'s support for a sentence reduction by submitting an inmate request to Warden Chris McConnell. More than 30 days has elapsed since Jackson's submission and the warden's receipt of said request, and Jackson has failed to receive a response. Wherefore, the Court has authority to

2

entertain this motion and for the extraordinary and compelling reasons presented herein, Jackson respectfully asks the Court to exercise its discretion and reduce his sentence.

Since the time of Jackson's conviction and sentencing in this case, he has made a complete transformation in his life. He is very remorseful for his past and hates the person that he once was.[2] He has completed numerous educational courses and vocational training classes and has earned multiple certificates. Jackson is a new man, to say the least.

The counts of conviction in this case mandate a statutory minimum sentence of 15 years imprisonment. Jackson, therefore, asks the Court to reduce his sentence to 15 years, as such a sentence is sufficient but not greater than necessary to achieve the sentencing factors set forth by § 3553(a).

## Statement Of The Case.

On August 25, 2011, Jackson was indicted by a federal Grand Jury sitting in and for the Eastern District of Missouri. (Doc. #1). Jackson's initial appearance was held on September 6, 2011. (Doc. # 23).

After several continuances, Jackson pled guilty on February 8, 2013, pursuant to a written plea agreement. (Doc. ## 156, 157).

The Court sentenced Jackson to an aggregate term of 400 months imprisonment on December 12, 2013. (Doc. # 247).

Jackson filed a notice of appeal on December 23, 2013. (Doc. # 252). The Eighth Circuit Court of Appeals affirmed judgment of the district court in all respects on April 10, 2015. (Doc. ## 309, 310, 312)

Jackson now presents the instant motion seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A).

---

[2] See: Letter to the Court in support of this motion written by Jackson and attached hereto as Exhibit.

3

## Argument And Authority

I.     Extraordinary And Compelling Reasons Exist That Warrant The Court's Reduction In Jackson's Sentence.

The court is vested with broad discretion in making a determination of what constitutes extraordinary and compelling reasons when considering a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The only statutory limitation on what a court may consider to be extraordinary and compelling is that a defendant's "rehabilitation ... alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Although his extensive programming can and should be considered by the court as one of the extraordinary and compelling reasons in support of this motion, Jackson does not rely solely on his rehabilitative efforts. Other extraordinary and compelling reasons supporting a reduction in Jackson's sentence include, but are not limited to: Jackson's youthful age at the time of the commission of this offense; the severe length of the sentence imposed; Jackson's lack of an extensive criminal history; and the need for the court to avoid unwarranted sentencing disparities amongst defendants convicted of similar conduct that have similar criminal history backgrounds.

Further supporting his motion, Jackson asks the court to consider the fact that he is truly remorseful for his actions and the unacceptable behavior that put him in this predicament.

### A.    Jackson's Youthful Age At The Time Of The Offense.

The Supreme Court has long grappled with the societal bounds of imposing the most severe punishments. It has maintained that the scope of what is considered cruel and unusual punishment under the Eighth Amendment is not fixed, but instead depends on "the evolving standards of decency that mark the progress of a maturing society." Miller v. Alabama, 567 U.S. 460, 469 (2012) Of equal importance, sentencing must also be individualized to account for the defendant's mitigating circumstances.

4

to ensure that the most serious punishments are "reserved only for the most culpable defendants committing the most serious offenses." Id. at 476.

In the case at bar, Jackson was 20 years old when he committed the offense. At such a youthful age, Jackson had a "lack of maturity and an underdeveloped sense of responsibility" and was more vulnerable or susceptible to negative influences and outside pressures, including peer pressure," and his character and personality traits were "more transitory [and] less fixed." Id. at 569, 70. (Quoting Johnson v. Texas, 509 U.S. 350, 367 (1993). The failings of a youthful offender are not the moral equivalent of those of an older adult because there is a greater possibility that a youth's character deficiencies "will be reformed." 543 U.S. at 570. Retribution "is not proportional if...a penalty is imposed on one whose culpability or blameworthiness is diminished, to a substantial degree, by reason of youth and immaturity. Id. at 571.

By no means at all is Jackson attempting to downplay the seriousness of the crimes he committed. Nor is he inferring that his youthful age is to blame. Jackson accepts full responsibility for his actions and knows what he did was wrong. However, Jackson maintains that his way of thinking and his maturity level has drastically changed and improved. Wherefore, Jackson prays the court will take his youthful age at the time he committed the instant offense into consideration and in support of this motion to reduce his sentence.

B. Jackson's Lack Of Extensive Criminal History

Also supporting Jackson's motion for a sentence reduction is the fact that he has an almost non-existent criminal history background. As reflected by the defendant's presentence investigation report, he only has two convictions that the PSI accounted 4 criminal history points for. Jackson was scored an additional 2 criminal history points for being under a criminal justice sentence at the time of the instant offense. Jackson's total criminal history calculation was 6 points.

5

ultimately placing him in Category III under the United States Sentencing Guidelines. Although Jackson did not come into this courtroom as a first-time offender, his lack of having an extensive criminal background mitigates in favor of the Court reducing his sentence.

The chain of events leading up to Jackson's indictment in this case reflect the immature and easily influenced frame of mind he had. He didn't land in this federal courtroom because of having extensive criminal behavior. He hasn't been in and out of jail all his life. In fact, quite the opposite can be said. Wherefore, Jackson asks the court to consider his minimal criminal history as one of the factors supporting the granting of this motion and the reduction of his sentence.

## C. The Severity Of The Sentence Imposed

Pursuant to 18 U.S.C. § 3553(a), courts are instructed to "impose a sentence sufficient, but not greater than necessary." In making the appropriate sentence determination, the court shall consider, inter alia, The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).

Ten years of Jackson's sentence was the result of his § 924(c) conviction. Pursuant to the statute, the court is mandated to impose a 10-year consecutive sentence pursuant to § 924(c)(1)(A)(iii) and (D)(ii).

Subsequent to Jackson's sentencing, the Supreme Court addressed the issue of whether a district court may use the harsh § 924(c) consecutive sentence to justify a downward departure or variance on other related counts of conviction. Answering in the affirmative, the Court held "in multi-count cases, judges may consider § 3553(a) factors for individual count—such as lengthiness of mandatory minimum for one crime—to help craft the sentence of another crime." Dean v. United States, 137 S. Ct. 1170, 1176 (2017).

Prior to the *Dean* decision, courts had unanimously held that the length of a particular count of conviction was not a proper factor for a sentencing court to base a downward departure or variance upon. However, in the wake of *Dean*, federal judges nationwide have frequently exercised their authority and discretion to impose a downward departure or variance to a defendant's sentence in light of the harsh § 924(c) mandatory minimum required to be imposed.

The court sentenced Jackson to 280 months for his § 846 drug conspiracy count of conviction. In imposing this term, taking into account the § 3553 sentencing factors, the court determined that a guideline sentence was not appropriate and departed downward. In doing so, the court carefully observed the fact that, although Jackson had pled guilty to narcotics and firearm offenses, his recommended guideline range was skewed significantly higher due to relevant conduct he was never charged with. Specifically, Jackson's base offense level was driven by a cross-reference to the 2A guideline, based upon a finding that the death of an individual was the result of the criminal venture Jackson pled guilty to. The court was careful to point out the fact that a guideline sentence was not appropriate. The court further explained that although it was granting a downward departure, it struggled with the fact that at the time of Jackson's plea, "I observed a level of acceptance of responsibility that I have not seen since." (Sent. Tr., Pg. 34)

Jackson's co-defendants were sentenced to 27 years (O'Bryant) and 10 years (Compton) for their roles and participation in the criminal venture prompting the prosecution in this case. Jackson brings this to the court's attention to highlight the fact that although O'Bryant was charged (solely) in counts 4, 5, and 6 with witness tampering for attempting to get individuals to lie and place all the blame on Jackson, O'Bryant was still given less time than Jackson.

The court is in a position to remedy this clearly visible sentencing disparity that is unwarranted. While Jackson

demonstrates his true remorse and full acceptance of responsibility for the role he played in this case, he urges the Court to take this extraordinary circumstance into consideration and grant him relief.

D. Jackson's Rehabilitative Efforts.

In further support of seeking the Court's reduction in his sentence, Jackson asks the Court to take into consideration his exceptional rehabilitative efforts and progress made during the time he's been incarcerated. Jackson has completed several programs and received numerous certificates while he has been in prison. The most recent classes he completed and received certificates for are: "7 Habits of Highly Effective People" and "ACT Work Keys NCRC" (emphasis added).

Jackson's actions, while imprisoned in a very hostile and and aggressive penal environment, demonstrate the significant amount of maturity and personal change he has developed over the years. Clearly understanding the pain and suffering he has caused, Jackson hates the person that he once was. He now has a vision - to be a man with integrity and dignity. A man with morals, principles, and values. In accord with the Supreme Court's holding in Pepper v. United States, 562 US. 476, 490 (2011), the court is able to consider Jackson's post-sentencing rehabilitation. See also United States v. Kane, 639 F.3d 1121, 1133 (8th Cir. 2011)(holding district court did not err in considering post-sentencing rehabilitation at resentencing.)

At the time Jackson was arrested, unbeknownst to him or his girlfriend - was the fact that she was pregnant with his child. Months later, she gave birth to his daughter. One need not elaborate extensively about the difficulties a child faces and the hardship endured by a child being raised by a single mother. Suffice it be adequately expressed and acknowledged that every child needs their father's support. Mentally, spiritually, financially, and emotionally. Jackson was recently faced with the task of having to once again explain, the best way he could,

8

why he wasn't gonna be home for her upcoming 10th birthday. Something she is still not totally capable of grasping or understanding because of her immature age.

Although he has been imprisoned since before her birth, Jackson has played an active role in supporting his daughter and been there for her to the best of his ability considering the circumstances. In 8 years, she will be a grown woman. And as his sentence stands today, Jackson will be unable to spend some of those remaining years of her youth with her. Wherefore, Jackson asks the Court to take this into consideration when deciding this motion. Although 8 years cannot make-up for the 10 years of her life that Jackson missed - it can and will have a significant and very positive impact on her.

## Conclusion - Prayer For Relief

The First Step Act of 2018 provides this Honorable Court with authority and discretion to give Jackson a second chance at life. Today Jackson comes before the court as an entirely different person than the Court sentenced years ago. Wherefore, for the extraordinary and compelling reasons presented herein, Jackson prays the Court will grant this motion and reduce his sentence to 15 years imprisonment.

In the alternative, Jackson asks the court to reduce his sentence to a term the Court deems to be just and appropriate under the unique circumstances of this case. Jackson further prays the Court will grant him any other form of relief he may be entitled to.

Date: January 19, 2021

Respectfully submitted,

S/
Loday Jackson
Reg. No. 38880-044
USP Pollock; P.O. Box 2099
Pollock, LA 71467-2099

9

## Certificate Of Service

I hereby certify that on the 19 day of January, 2021, a true and correct copy of the foregoing document was deposited in the U.S. Mail, with sufficient prepaid postage affixed thereupon, addressed to:

Thomas S. Rea
U.S. Attorney's Office
111 S. Tenth Street, 20th Floor
St. Louis, MO 63102

_____
Lodgy Jackson

Pro Se Defendant.